IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM RODRIGUEZ, ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv00147 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VEST and GILLIAM, ) | By: Robert S. Ballou |
|     Defendants. ) | United States District Judge |

    William Rodriguez, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was wrongfully prevented from working on two days, one day because of the actions of defendant Vest and the other day because of defendant Gilliam. The matter is before the court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons stated below, I find that Rodriguez has failed to state a claim for which relief can be granted, and this case must be dismissed.

    I.  **BACKGROUND**

    The factual allegations in Rodriguez's amended complaint are presumed to be true when determining whether he has stated a cognizable claim under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Those facts are:

> [Claim #1] – I was doing my job as required and kitchen staff Gilliam asked how many more trays needed. I responded her (sic). Then another Spanish inmate asked me how many, I replied (cuatro) means 4. After that kitchen staff Gilliam snapped out on me saying if I had to say something about her in Spanish to get out of her line. We told her nothing was said. She still kicked me out of the food line.
>
> [Claim #2] – Every Sunday I have a meeting I take through phone. I have had permission to do so. Every staff is aware of my spiritual routine. On that Sunday, a C.O. named Brown came and got me for my meeting. After the meeting I returned to work to finish up. At that moment kitchen staff Vest yelled "Oh no, get out of my

> kitchen. I tried to explain to her. But she replied she didn't care. So I was sent back to the pod and wasn't able to go back to work that day.

Am. Compl. at 2, ECF No. 12. His amended complaint contains no other information, except for the relief requested: "Justice to be served." *Id.* at 3.

## II. DISCUSSION

To state a valid claim for relief under § 1983, a plaintiff must allege that a state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of state law. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (2009). The plaintiff must allege the violation of a protected right and sufficient facts to show that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). If, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face," then a district court should dismiss the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A prisoner has no protected liberty or property interest in his prison employment. *See, e.g., Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978) (stating that classification and work assignments are matters of prison administrative discretion and are not matters entitled to due process hearings). Because a prisoner has no liberty or property interest in his prison employment, he cannot establish a constitutional due process violation based upon his *termination* from that employment. *Robinson v. Creasey*, No. 5:07-cv-00347, 2009 WL 1073642, at *12 (S.D. W.V. April 21, 2009). Here, Rodriguez has not alleged termination, only that he was sent back to his pod and not allowed to work on the days of the two incidents.

2

Because the deprivation of those two days of work are not protected interests, he has suffered no legally redressable injury.

Further, Rodriguez has not stated sufficient facts for the court to determine whether Vest and Gilliam were "state actors" or "acting under color of state law." The complaint does not state whether Vest and Gilliam were employed by the state, contracted by the state, outside volunteers, or even other prison inmates. Private conduct, no matter how wrongful or even criminal, is not state action. *Philips*, 572 F.3d at 181. *See McGlothlin v. Murray*, 993 F. Supp. 389, 408 (W.D. Va. 1997) (holding that chaplain employed by a non-profit agency, who performed ministerial services at the prison, was not a state actor) *and Witherspoon v. Matthews*, No. 9:17-0020-MGL-BM, 2017 WL 3283855, at *4 (D.S.C. July 14, 2017) (citing several cases holding that a fellow inmate is not a state actor).

### III. CONCLUSION

The court will summarily dismiss Rodriguez's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. Further, the court will deny his motion to proceed *in forma pauperis* (ECF No. 11) as moot.

An appropriate order will be entered this day.

Enter: July 27, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

3